IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THEODORA TYLER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| AND QUALITY LICENSING CORP. | § | |

**<u>DEFENDANT WALMART STORES TEXAS, LLC'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Galveston Division on the grounds of diversity of citizenship between the parties, and would further show the following:

**I.
STATEMENT OF GROUNDS FOR REMOVAL**

1.    On May 2, 2019, Plaintiff, Theodora Tyler, ("Plaintiff") commenced an action in the 149th Judicial District Court of Brazoria County captioned "Cause No. 102927-CV; *Theodore Tyler vs. Wal-Mart Stores Texas, LLC and Quality Licensing Corp.*," in which she sought damages allegedly resulting from a trip and fall incident that occurred on December 26, 2017, (the "Incident"), at Wal-Mart Store # 3572 (the "Store") located at 10505 Broadway St., Pearland, Texas.[1]

2.    The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions

---
[1] See Exhibit A Plaintiff's Original Petition, Page 3 Paragraph 8.

of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

3. This removal is timely filed as it is filed within one year of Plaintiff's commencement of suit.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Brazoria County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## III.
## VENUE

5. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV.
## PARTIES

6. Plaintiff was a citizen of Harris County, Texas, at the time suit was commenced.

7. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens.[2]

8. Defendant, Wal-Mart Stores Texas, LLC, is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its

---

[2] *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, LLC, and limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

9.  Defendant, Quality Licensing Corp., ("Defendant Quality") is a corporation organized under the laws of the State of Texas, with a principal place of business in Arkansas. Their address is 702 SW 8th Street, Dept 8687 0555, Bentonville AR 72716.

10. The citizenship of the parties as alleged above remains unchanged at the time of removal.

## V.
## PLAINTIFF'S CAUSES OF ACTION

11. Plaintiff alleges that both Defendants are liable to Plaintiff under theories of general negligence and of premises liability after Plaintiff tripped and fell in an uncovered drainage channel in the concrete floor of the cart corral at the Store on December 26, 2017.[3]

## VI.
## JURISDICTIONAL BASIS FOR REMOVAL

12. 28 U.S.C. § 1332 provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between…[c]itizens of different States…" The removing

---

[3] *See* Exhibit A, Plaintiff's Original Petition at Paragraph 8.

3

defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal.[4]

### A.   AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.   A defendant can carry its burden demonstrating that the amount in controversy exceeds $75,000 by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum.[5] Such "tests are applied in order, and only if the 'facially apparent' test is not met, do we require 'summary judgment' type evidence of the amount in controversy."[6]

14.   Here, it is facially apparent from Plaintiff's Original Petition that the amount in controversy requirement is met. Plaintiff pled as follows: "This case is subject to Texas Rule of Civil Procedure 169 because the damages Plaintiff seeks do exceed $100,000."[7]

15.   Further, Plaintiff claims that as she was attempting to pull two shopping carts apart, she stepped back and fell into an open hole in an uncovered concrete drain that was missing a grate covering.[8] Plaintiff alleges that as a consequence, she suffered personal injuries including the surgical repair of her shoulder.[9] Plaintiff seeks to recover damages for past and future: physical pain and suffering, physical impairment, mental anguish, loss of opportunity,

---

[4] *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[5] *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

[7] *See* Exhibit A at Paragraph 1.

[8] *See id.* at Page 3, Paragraph 8.

[9] *See id.* at Paragraph 10.

loss of enjoyment of life, medical expenses, lost earnings and loss of earning capacity.[10] Additionally, Plaintiff pled for exemplary damages based on gross negligence.[11]

16.     As such, Defendant has provided ample evidence allowing the Court to determine that the amount in controversy will likely exceed $75,000.

**B.     DIVERSITY OF CITIZENSHIP**

17.     As noted above, Defendant Quality is a citizen of the State of Texas and Arkansas. However, it is apparent that Plaintiff maintained her claims against Defendant Quality solely to prevent removal of this action. Plaintiff has failed to exercise diligence in service and allowed the statute of limitations to run against Defendant Quality. As such, Plaintiff has effectively dismissed Defendant Quality from this suit. For these reasons, Defendant Quality should be disregarded for diversity purposes and this Court should find that removal is proper.

**C.     PLAINTIFF FAILED TO EXERCISE DILIGENCE IN SERVICE AGAINST DEFENDANT QUALITY**

18.     Any cause of action for personal injuries must be filed no later than two years after the day the cause of action accrues.[12] Plaintiff has filed a negligence cause of action against Defendants under a theory of general negligence and premises liability.[13] Thus, Plaintiff's lawsuit was governed by a two-year statute of limitations.

19.     The mere filing of a suit "will not interrupt or toll the statute of limitations; a plaintiff must exercise reasonable diligence in procuring the issuance and service of citation in

---

[10] *See id.* at Paragraph 12.

[11] *See* Exhibit A at Page 5, Paragraph 16-17.

[12] *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Valverde v. Biela's Glass & Aluminum Prods.*, 293 S.W.3d 751, 753 (Tex.App.—San Antonio 2009, pet. denied) (two year statute of limitations for a negligence claim arising from personal injury).

[13] *See* Exhibit A.

order to interrupt the statute."[14] If a plaintiff did not exercise diligence in effecting service of process on a defendant, and service occurs after the expiration of the statute of limitations, then the date of service will not relate back to the date of filing the suit.[15] While the existence of diligence is normally a question of fact, if no excuse is offered for a delay in the service of the citation, "or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law."[16] Any period in which there are no attempts to serve the defendant may negate diligence.[17] Further, even if the failure to serve a defendant is due to an error by the clerk of the court, the plaintiff's counsel has a duty to exercise due diligence to determine whether the defendant has been served.[18] To analyze the question of due diligence, the Court should look to (1) the time taken to procure citation or service and (2) the type of effort or lack of effort the plaintiff expended in procuring service.[19]

20.     For service of process on a corporation, the record must show on its face that the plaintiff used reasonable diligence to serve the corporation's president, vice president, or

---

[14] *Webster v. Thomas*, 5 S.W.3d 287, 289 (Tex.App.—Houston [14th Dist.] 1999) (citing *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex.App.—Houston [1st Dist.] 1992, no writ) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970); *Hamilton v. Goodson*, 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ)); *see also Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Gant*, 786 S.W.2d at 260.

[15] *See Proulx*, 235 S.W.3d at 215; *Gant*, 786 S.W.2d at 260.

[16] *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ).

[17] *Ashley*, at 179; *Proulx*, at 216; *see e.g., Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex.App.—Houston [14th Dist.] 1999, no pet.)(four-month delay, when efforts to procure service were careless and not persistent, negated diligence); *Butler v. Ross*, 836 S.W.2d 833, 835-36 (Tex.App.—Houston [1st Dist.] 1992, no writ) (no activity for over five months after return of unserved original citation was not diligent); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ) (no request for process for five months after suit filed was not diligent).

[18] *See Allen v. Rushing*, 129 S.W.3d 226, 230-31 (Tex.App.—Texarkana 2004, no pet.); *see e.g., Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex.App.—Dallas 2000, pet. denied) (after three months, clerk's duty to serve citation was replaced by plaintiff's duty to ensure that service was actually completed).

[19] *Webster*, 5 S.W.3d at 289-90.

registered agent at its registered office.[20] Domestic and foreign corporations that do business in Texas must designate and maintain registered agents for service in Texas.[21] At all times relevant to this litigation, Defendant was a corporation existing under the laws of the State of Texas with its principal place of business in the State of Arkansas. Defendant utilizes a registered agent for service of process of Texas lawsuits.[22] Plaintiff was fully aware of Defendant Quality's registered agent in the State of Texas, because she herself cites to it in her Original Petition, to wit:

> "Defendant, QUALITY LICENSING CORP. ("QUALITY") is a company organized and existing under the laws of the State of Texas. This Defendant is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.[23]

21. Plaintiff did not exercise diligence in this case. Her personal injury cause of action accrued on December 26, 2017, the date of her incident.[24] Plaintiff did not file suit against Defendants until May 1, 2019.[25] While Plaintiff served Walmart Stores Texas, LLC (who operates the Store where the incident occurred), Plaintiff has still never served Defendant Quality, and has no excuse for this failure to request and effectuate service of citation on Defendant Quality.

22. Case law demonstrates that Plaintiff's failure to request and effectuate service of citation on Defendant Quality constitutes a lack of diligence in service as a matter of law. In *Hansler v. Mainka*, the court held that a five month delay between filing and service constituted

---

[20] *See* BUS. ORGS. CODE §§ 5.251(1)(B), 5.255(1).

[21] BUS. ORGS. CODE § 5.201(a), (b).

[22] *See* Exhibit C (CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234).

[23] *See* Exhibit A, at Paragraph 5.

[24] *See* Exhibit A.

[25] *See* Exhibit B.

a lack of diligence.[26] A six month delay between filing and service has been found unreasonable.[27] A four month and ten day delay has been found unreasonable.[28]

23. The evidence clearly demonstrates, as a matter of law, that Plaintiff's conduct in this case constitutes a lack of diligence. The statute of limitations with respect to Defendant Quality has passed and Plaintiff has made no effort to serve Defendant Quality. Further, more than a year has passed since Plaintiff filed suit, and another four months have passed since the statute of limitations ran. Plaintiff's failure to serve Defendant Quality amounts to a lack of diligence in service, as a matter of law, which prevents the statute of limitations from being tolled in this matter, and prevents any later attempt to serve Defendant Quality from relating back to the date of filing suit.

24. Plaintiff's utter failure to exercise any effort whatsoever to serve the in-state Defendant demonstrates that she never had any intention of pursuing her claims against the non-diverse Defendant Quality. Rather, it is clear from the facts of this case that Plaintiff simply maintained Defendant Quality in this lawsuit to prevent removal. Plaintiff's gamesmanship deprived Defendant Walmart Stores Texas, LLC of the ability to remove the case based on diversity jurisdiction within the original 30-day period provided by Section 1446(b)(2)(B). Sufficient time has now elapsed to charge Plaintiff with lack of diligence in service as a matter of law, making it abundantly evident she has no intent to pursue her claims against Defendant Quality. As such, this Court should disregard Defendant Quality for diversity purposes, hold that

---

[26] 807 S.W.2d 3, 6 (Tex.App.—Corpus Christi 1991); *see also Butler*, 836 S.W.2d at 834 (five month delay found to demonstrate a lack of diligence).

[27]*See Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *see also Hamilton v. Goodson*, 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

[28] *Webster*, 5 S.W.3d at 290.

Plaintiff cannot profit from her gamesmanship, and find that this case has been properly removed.

## VII.
## CONCLUSION

25.   Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the properly joined parties in this case, and that Plaintiff maintained her claims against Defendant Quality solely to defeat diversity. Plaintiff has failed to exercise diligence in service and allowed the statute of limitations to run against Defendant Quality. As such, Plaintiff has effectively dismissed Defendant Quality from this suit. For these reasons, Defendant Quality should be disregarded for diversity purposes and this Court should find that removal is proper.

## VIII.
## PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the District Court of Brazoria County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

/s/ Julie C. Warnock
John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
SDBN. 21280
Julie C. Warnock
Texas Bar No. 24063574
SDBN.1107157
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
jwarnock.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 1st day of May, 2020.

  Jason A. Gibson
  The Gibson Law Firm
  3701 Kirby Drive, Suite 101
  Houston, TX 77098

           /s/ Julie C. Warnock
           Julie C. Warnock