United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:20-cv-00143

THEODORA TYLER, *PLAINTIFF*,

v.

WAL-MART STORES TEXAS LLC, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Theodora Tyler says she injured her shoulder at a Wal-Mart Supercenter by stepping into an open drain while pulling apart two shopping carts.[1] On May 2, 2019, she sued Wal-Mart Stores Texas LLC and Quality Licensing Corporation for negligence in the 149th Judicial District Court of Brazoria County.[2] Tyler states that both defendants were served by and through their registered agents on July 5, 2019, 23 weeks before the two-year statute of limitations expired.[3]

---

[1] Dkt. 6-1, PDF at 20.

[2] Dkt. 6-1, PDF at 19–21.

[3] Dkt. 6 at 2; Dkt. 6-2.

On May 1, 2020, Wal-Mart removed the case to this court based solely on diversity jurisdiction.[4] Tyler moved to remand later that month, and Wal-Mart responded. Quality Licensing never filed an answer while the case was in state court, and it did not respond to the plaintiff's motion to remand.

Having considered the parties' arguments, the evidence, and the applicable law, and for the reasons discussed below, the court grants the motion and remands the case.

I.  **Removal Requirements**

28 U.S.C. § 1441(a) provides that a "state-court civil action over which the federal courts would also have original jurisdiction may be removed from state to federal court."[5] The removing party bears the burden of establishing federal jurisdiction.[6] Courts must strictly construe the removal statute, and "any doubt as to the propriety of removal should be resolved in favor of remand."[7]

Removal based on diversity jurisdiction requires that the amount in controversy exceed $75,000, that there is complete diversity in citizenship

---

[4] Dkt. 1, at 1–2.

[5] *Pina-Martinez v. Saldana*, No. 1:18-CV-31, 2018 WL 4140683, at *2 (S.D. Tex. Aug. 30, 2018).

[6] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[7] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

among the parties, and that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[8] The doctrine of fraudulent joinder, which requires the removing party to prove that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts," is an exception to the complete-diversity requirement.[9] Relatedly, the removing party can also show that the non-diverse party is *improperly* joined:

> Under federal law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."[10]

Texas has the same requirements for proper joinder.[11]

Section 1446(b)(2)(A) further requires that "all defendants who have been properly joined and served must join in or consent to the removal of the

---

[8] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531–32 (5th Cir. 2006) (quoting 28 U.S.C. § 1441(b)); *see also* 28 U.S.C. § 1332; *Richey v. Wal-Mart Stores, Inc.*, 390 Fed. App'x 375, 377–78 (5th Cir. 2010).

[9] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)).

[10] *Crockett*, 436 F.3d at 533 (quoting FED. R. CIV. P. 20(a)).

[11] *Id.*; TEX. R. CIV. P. 40(a).

action." Moreover, section 1446(b)(2)(B) requires that the defendant must file its notice of removal either within "30 days after receipt by or service on that defendant of the initial pleading or summons" or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[12] Finally, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[13]

## II.   Analysis

Tyler argues that removal was improper for three reasons. First, Tyler notes that both she and Quality Licensing are Texas citizens, so complete diversity of citizenship is absent.[14] She further notes that Quality Licensing was properly served.[15] Second, Wal-Mart's removal was untimely because more than thirty days had passed since Wal-Mart was first served, and Tyler

---

[12] 28 U.S.C. § 1446(b)(2)(B), (b)(3).

[13] *Id.* § 1446(c).

[14] *See* Dkt. 6, Ex. 2; Dkt. 1 at 3. No party contests that Wal-Mart is not a Texas citizen. It is incorporated in Delaware as a limited-liability company, and its principal place of business is in Arkansas. Dkt. 1 at 2–3.

[15] *See* Dkt. 6, Ex. 2.

4

had not submitted any additional filings in the case that would allow a new 30-day window for removal.[16] Finally, Wal-Mart failed to obtain consent from Quality Licensing.

Wal-Mart agrees that Quality Licensing is a Texas citizen. In its notice of removal, Wal-Mart argued that Tyler failed to diligently serve Quality Licensing. But in its response to Tyler's motion to remand, Wal-Mart now concedes that Quality Licensing was properly served.[17]

Nevertheless, Wal-Mart maintains that Tyler effectively dismissed Quality Licensing by failing to take adequate actions against it in state court.[18] For example, Quality Licensing never answered or filed any other motions in the state court. Despite this, Tyler did not move for a default judgment. Moreover, Wal-Mart contends that Tyler has not served any discovery on Quality Licensing or sent it any correspondence regarding the case. Tyler's inaction thus reveals that she joined Quality Licensing in bad faith to prevent Wal-Mart from removing the case. Thus, Wal-Mart argues, the court should not consider Quality Licensing's citizenship for diversity-

---

[16] *Id.* at 4–6.

[17] Dkt. 8 at 2.

[18] Dkt. 1. However, in its response to Tyler's motion to remand, Wal-Mart now concedes that Quality Licensing was properly served. Dkt. 8 at 2.

jurisdiction purposes and should find it is a misjoined defendant.[19] If Quality Licensing is misjoined, Wal-Mart contends its removal was timely and did not require Quality Licensing's consent.

The court concludes that diversity jurisdiction is absent. It is uncontested that the parties are not completely diverse. And removal based on diversity jurisdiction is not available where one of the defendants, who has been properly joined and served, "is a citizen of the State in which such action is brought."[20]

Neither the fraudulent- nor improper-joinder exception applies. Wal-Mart compares this case to *Lawson v. Parker Hannifin Corporation*[21] and *Aguayo v. AMCO Ins. Co.*[22] Each case revolves around whether the plaintiff acted in "bad faith" to prevent removal.[23] In *Lawson*, the employer defendant removed the case to federal court twice. The first time, the court remanded the case because, as one of the defendants shared citizenship with the plaintiff, there was no complete diversity.[24] When the plaintiff later non-

---

[19] Dkt. 8 at 2; Dkt. 1 at 5.

[20] *Crockett*, 436 F.3d at 531–32 (quoting 28 U.S.C. § 1441(b)).

[21] Dkt. 8 at 4 (citing *Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 WL 1158880, at *2–3 (N.D. Tex. Mar. 20, 2014)).

[22] *Id.* (citing *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014)).

[23] *See* 28 U.S.C. § 1446(c).

[24] *Lawson*, 2014 WL 1158880, at *1.

suited the non-diverse defendant once the one-year removal deadline had passed, the employer defendant removed the case again.[25] This time, the issue was whether the employer defendant could establish that the one-year removal deadline did not apply because "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[26] The court agreed that the one-year deadline did not apply because the plaintiff had attempted to avoid removal by failing to prosecute her claims against the non-suited defendant.[27]

This case is not like *Lawson*. Quality Licensing was not non-suited or otherwise dismissed from the state-court action. Because it was successfully served, Quality Licensing remains a live defendant—even if it has been silent so far.

Under the fraudulent joinder standard, Tyler's inaction against Quality Licensing for failing to answer does not clearly demonstrate that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[28] Wal-Mart has not

---

[25] *Id.* at *2.

[26] *Id.* at *4 (quoting 28 U.S.C. § 1446(c)(1)).

[27] *Id.* at *6.

[28] *Jernigan*, 989 F.2d at 815.

explained why Tyler's inaction against Quality Licensing renders her *legally unable* to establish a cause of action against Quality Licensing. In that same vein, Wal-Mart does not contend that Taylor's pleading of jurisdictional facts was fraudulent; indeed, those jurisdictional facts are not disputed.

Additionally, under the improper-joinder standard, Wal-Mart has not explained why Tyler's claims, asserted jointly against Wal-Mart and Quality Licensing, do not arise "out of the same transaction, occurrence, or series of transactions or occurrences," nor why there are no "questions of law or fact common to all defendants."[29] Indeed, Tyler alleges that both Wal-Mart and Quality Licensing controlled the premises containing the uncovered drain that caused her injury. That allegation is enough to show that there are questions of fact about who controlled the premises that are common to the defendants. And that there are common questions of law about whether the defendants owed any duties to protect shoppers like Tyler from the complained-of drain. Accordingly, the court declines to conclude that the plaintiff's joinder of Quality Licensing was fraudulent or improper.

Because the court concludes that there is no complete diversity among the parties, the court will address neither the timeliness of Wal-Mart's removal nor its failure to obtain Quality Licensing's consent to remove.

---

[29] *Crockett*, 436 F.3d at 533 (quoting Fed. R. Civ. P. 20(a)).

\* \* \*

Because there is no complete diversity of citizenship among the parties, diversity jurisdiction does not support removal under 28 U.S.C. § 1441(b). Accordingly, the court grants the plaintiff's motion and orders the United States District Clerk to remand the case to the 149th Judicial District Court via the district clerk of Brazoria County. The court further orders that the parties bear their own attorneys' fees and costs stemming from this motion.

Signed on Galveston Island on the 27th day of January, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE